[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

No. 08-15025
Non-Argument Calendar

_____

D. C. Docket No. 08-00048-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT E. HOLLAND, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 6, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Holland pleaded guilty to conspiracy to commit mail fraud, in

violation of 18 U.S.C. § 371, in connection with his scheme to use his two auto

sales companies to purchase vehicles using buyer's drafts that were worthless due to insufficient funds. The cars were sold to individuals or other car auction companies without proper title and Holland attempted to conceal the fraud by issuing numerous temporary automobile tags.

In the presentence investigation report ("PSI"), the probation officer determined the advisory guidelines range to be 27 to 33 months' imprisonment, based on an adjusted offense level of 18 and a criminal history category of I. The statutory maximum was five years' imprisonment. 18 U.S.C. § 371. The probation officer recommended a sentence of 27 months, which was at the low end of the guidelines range.

Holland filed no objections to the PSI and did not raise any objections at the sentencing hearing. He did, however, request a downward departure from the guidelines range on the ground that the low end of the range was excessive. In support of his sentencing request, Holland noted that he had been employed throughout the pending case, he had no other criminal history, he had been married for twenty-six years and had two children, and he had not committed the offenses to support an extravagant lifestyle. He explained that he was not a thief who profited from his crime. The court stated that Holland was, in fact, a thief because he took other people's property without paying for it. Counsel clarified that

2

Holland was not trying to live extravagantly from his profits but was using the money to keep his business going and pay other debts. Holland then presented character testimony from several mitigating witnesses.

After stating that it had considered the guidelines range, the sentencing factors in 18 U.S.C. § 3553(a), and Holland's arguments, and had listened to the mitigating witnesses, the court found there was no basis to depart. Accordingly, the court sentenced Holland to 27 months' imprisonment. Holland now appeals, asserting that the sentence imposed is unreasonable given the facts of his case and his personal characteristics.

We review a defendant's sentence for reasonableness in the light of the factors set out in § 3553(a). See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). The reasonableness of a sentence imposed by the court is evaluated under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

A district court's imposition of sentence must be both procedurally and substantively reasonable. A sentence may be procedurally unreasonable if, for example, the district court incorrectly calculates the Guidelines range or fails to properly consider the § 3553(a) sentencing factors. Gall, 128 S.Ct. at 597. In this case, Holland does not allege that his sentence was procedurally unreasonable.

Thus, the only issue is whether the sentence was substantively reasonable.

Substantive reasonableness requires that the totality of the circumstances be considered and that the statutory factors of § 3553(a) support the sentence in question. Id. Under § 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public. See 18 U.S.C. § 3553(a)(1)-(7). Holland bears the burden of showing his sentence is substantively unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, Holland cannot meet his burden. "Although a sentence within the guidelines range is not per se reasonable, when the district court imposes a sentence within the advisory Guidelines range, [this court] ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788; see also Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2462-63 (2007) (noting that a sentence within the properly calculated Guidelines range "significantly increases the likelihood that the sentence is a reasonable one.").

In this case, the court explained that a sentence at the low end of the range was appropriate. Moreover, the court's statement that it had considered the arguments, the guidelines range, the mitigating witnesses' testimony, and the

4

§ 3553(a) factors was sufficient, as the court was not required to explicitly discuss each factor. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir.), cert. denied, 128 S.Ct. 427 (2007). Notably, the fact that the sentence imposed was well below the five-year statutory maximum is further support for the reasonableness of the sentence. Winingear, 422 F.3d at 1246.

We further conclude there is no merit to Holland's argument that the district court failed to give weight to the particular factors he claimed supported a lower sentence. The weight given to particular factors is within the district court's discretion. See United States v. Williams, 456 F.3d 1353, 1354-55 (11th Cir. 2006), abrogated on other grounds, Kimbrough v. United States, 128 S.Ct. 558 (2007). Accordingly, Holland has not shown that the sentence imposed was substantively unreasonable, and we AFFIRM.